UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 9878866 CANADA INC.<br>1 Palace Pier Court<br>Unit 1512<br>Toronto, Ontario M8V 3W9<br>Canada<br><br>               Plaintiff,<br><br>      v.<br><br>INTAKE BREATHING TECHNOLOGY, LLC<br>614 Santa Barbara Street, STE A<br>Santa Barbara, CA 93101<br><br>               Defendant. | No. 1:25-cv-2443<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff 9878866 Canada Inc. ("9878866 Canada") brings this Complaint for Declaratory Judgment against Defendant Intake Breathing Technology, LLC ("Intake Breathing") as follows:

**FACTUAL BACKGROUND**

1. 9878866 Canada seeks a declaratory judgment that it does not infringe the patent-in-suit, U.S. Patent No. 9,510,969 B2 ("'969 patent"), a copy of which is attached as Exhibit A.

2. 9878866 Canada offers for sale on Amazon.com, under the branding Bash Stack, a "Nasal Strips Refill Pack – 30-Day Count – Enhanced Breathing, Sleep Aid & Snore Reduction, Bash Stack" ("Accused Product"). See Exhibit B. 9878866 Canada's Accused Product is identified by Amazon Standard Identification Number ("ASIN") B0DHLWJLND. Id.

- 1 -

3.     The Accused Product is described on Amazon.com as "30 individual nasal strips," effectively 30 pairs of patches, each patch being a "[t]hin adhesive patch with [a] metal disc [that] attaches to [a] magnetic nasal band." *Id.* An image of the Accused Product—30 strips (pairs) of patches—from Amazon.com is reproduced below:



*Id.*

4. A pair of patches (also called tabs) are "[a]ttach[ed] to either side of [a person's] nose as desired." *Id.* A "[m]agnetic nasal band and applicator [are] **not** included" with the Accused Product. *Id.* (emphases added). An image of one use of the Accused Product, from Amazon.com, is reproduced below:



*Id.*

5. On July 7, 2025, Amazon.com sent an email to 9878866 Canada stating:

> **From:** patent-evaluation@amazon.com
> **Date:** July 7, 2025 at 12:33:43 PM EDT
> **To:** bashstack@gmail.com
> **Subject: RE:[CASE 18038720621] Notice: Amazon Patent Evaluation Express Program - Action Required**
>
> Hello,

We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 9,510,969.

If you wish to continue selling the items listed at the end of the email, you have two choices.

First, you can choose to resolve your claim with the patent owner directly within the next three weeks. If we receive a retraction from the patent owner within the next three weeks, we will allow you to continue selling the items listed at the end of this email. The patent owner's contact information is as follows:

Intake Breathing Technology, LLC
mzingale@stetinalaw.com
614 Santa Barbara St., Ste A, Santa Barbara, CA 93101

If the patent owner agrees to retract their complaint, they must send the retraction directly to us at patent-evaluation@amazon.com. Forwarded retractions will not be accepted. Another option is to resolve the claim with the patent owner in a federal district court case. If you are already engaged in a patent lawsuit with the patent owner, or if you file a lawsuit against the patent owner for declaratory judgment of non-infringement of the asserted patent, please provide us with a copy of the relevant complaint within the next three weeks, and you may continue selling the items listed at the end of the email while the lawsuit proceeds.

Second, you can choose to participate in neutral evaluation of the patent owner's claim. Amazon's neutral evaluation procedure is described in the attached document titled "Amazon Patent Evaluation Express Procedure." Please read this document carefully and note that payment of a deposit is required. If you choose to participate in the neutral evaluation, you must agree to the attached Amazon Patent Evaluation Express Agreement, complete Exhibit 2 of the Agreement, "Seller-Supplied Information," and return the completed Agreement to patent-evaluation@amazon.com within three weeks.

>Please note that participation in the evaluation process does not guarantee that you will be able to continue to sell the items listed at the end of this email following the evaluation. If the evaluator decides that the items likely infringe, we intend to remove them from Amazon.com. If, however, the evaluator decides the items likely do not infringe, we will not remove your listings from Amazon.com, and your deposit may be refunded in part or in full.
>
>If you do not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, we will remove the listings at the end of this email along with any materially identical variants from Amazon.com.
>
>To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help.
>
>ASIN: B0DHLWJLND
>Infringement type: Patent
>Patent Number: 9,510,969
>Case ID: 18038720621
>
>You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).
>
>
>Neutral Patent Evaluation Team
>Amazon.com

See Exhibit C.

    6.    Attached to the email was a document entitled "Amazon Patent Evaluation Express Procedure" stating, in part:

>. . . Amazon offers a simple, low-cost procedure called Amazon Patent Evaluation Express (APEX). APEX is voluntary, confidential, and allows owners of U.S. utility patents or their authorized representatives, such as attorneys or exclusive licensees [] to obtain a fast evaluation of patent infringement claims against products [], identified by

- 5 -

>Amazon Standard Identification Number, listed by third-party sellers [] on amazon.com [].

*Id.*

7. Counsel for 9878866 Canada contacted Intake Breathing's representative (identified in the July 7, 2025 email from Amazon.com) on July 17, 2025 to arrange discussions concerning the infringement allegation made to Amazon.com, and discussions subsequently occurred on July 21, 22, and 23. Nevertheless, Intake Breathing declined to retract the infringement allegation it made to Amazon.com concerning the Accused Product vis-à-vis the '969 patent and further declined any resolution other than the cessation of sales of the Accused Product by 9878866 Canada.

## THE PARTIES

8. Plaintiff 9878866 Canada Inc. is a Canadian corporation with a registered office address at 1 Palace Pier Court, Unit 1512, Toronto ON M8V 3W9, Canada.

9. On information and belief, Defendant Intake Breathing Technology, LLC is a California limited liability company with a principal address at 614 Santa Barbara Street, STE A, Santa Barbara, CA 93101 and, on information and belief, is privately held and wholly owned by Hauck Ventures Inc., Castillo Investments LP, and Castle Partnership GP.

## NATURE OF THE CASE

10. This relief is necessary because Intake Breathing has: (a) asserted ownership of the '969 patent; and (b) accused 9878866 Canada of infringing the '969 patent, including by sending a report to Amazon.com alleging the same with respect to the Accused Product, 9878866 Canada's product identified by ASIN B0DHLWJLND for

"Nasal Strips Refill Pack – 30-Day Count – Enhanced Breathing, Sleep Aid & Snore Reduction, Bash Stack." See Exhibit C.

11.  The Accused Product is provided by 9878866 Canada and offered for sale and sold on Amazon.  See Exhibit B.

12.  9878866 Canada denies that it or the Accused Product has infringed and/or infringes any claim of the '969 patent.  Therefore, an actual controversy exists between 9878866 Canada and Intake Breathing.

## JURISDICTION AND VENUE

13.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a), because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act as well as Federal Rule of Civil Procedure 57.

14.  This Court has personal jurisdiction over Intake Breathing.

15.  This Court has personal jurisdiction over Intake Breathing at least because Intake Breathing has more than minimum contacts with the District for the District of Columbia such that jurisdiction over Intake Breathing in this District does not offend traditional notions of fair play and substantial justice.

16.  According to its web site https://www.intakebreathing.com/, Intake Breathing offers for sale and sells "a revolutionary nasal strip designed to unlock your deepest breath."  See Exhibit D.  Intake Breathing's web site further states: "Our innovative two-part system uses magnetic Tabs to expand your nasal passages to their

fullest extent.  The adhesive used is minimal and only attaches to the exterior of your nose.  Coupled with a supportive Band, this system guarantees extended wear, optimal comfort, and exceptional airflow."  *Id.*  Intake Breathing offers for sale and sells on its web site "Starter Kits" with tabs, bands, and an applicator as well as "Tab Refills."  *Id.*

17.     Intake Breathing further offers for sale and sells, on https://www.amazon.com/, an "Intake Breathing Nasal Strip Starter Kit (15 Count, Black) - Boost Oxygen Intake, Reduce Snoring, Improve Sleep Quality - Sweat Resistant, Skin Safe Nasal Strips - Extra Strength Snoring Solution" and "Intake Breathing Refill Tabs (30 Count, Pack of 1) – Magnetic Nasal Strips for Sleeping – Snoring Solution – for Better Breathing, Sleep & Exercise, All-Night Comfort."  *See* Exhibit E.

18.     Intake Breathing purposefully offers for sale and sells its products on its web site https://www.intakebreathing.com/ and on https://www.amazon.com/ to persons in the District for the District of Columbia.

19.     Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b), which governs venue for declaratory judgment actions.  Venue is proper at least under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

20.     An actual controversy exists between 9878866 Canada and Intake Breathing over non-infringement of the '969 patent at least because Intake Breathing asserted ownership of the '969 patent, identified 9878866 Canada's Accused Product by ASIN as allegedly infringing the '969 patent, and contacted Amazon about the alleged infringement of the '969 patent.

## COUNT 1
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,510,969 B2)**

21. 9878866 Canada repeats and re-alleges paragraphs 1-20 above as if set forth fully in this section.

22. Intake Breathing has asserted that it is the owner of the '969 patent.

23. Intake Breathing alleges that 9878866 Canada's Accused Product identified by Amazon's ASIN B0DHLWJLND infringes at least claim 1 of the '969 patent.

24. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding whether 9878866 Canada infringes the claims of the '969 patent such that a declaratory judgment of non-infringement is warranted.

25. 9878866 Canada has not infringed, directly or indirectly, literally or under the doctrine of equivalents, the claims of the '969 patent by or through making, having made, using, offering for sale, selling within the United States and/or its importing of its Accused Product.

26. The '969 patent is directed to a "Nasal Element for a Breathing System." *See* Exhibit A.

27. Claim 1 of the '969 patent recites:

> 1. A disposable apparatus attachable to a nose of a wearer and configured for use with a magnet positioned adjacent to the nose of the wearer, the disposable apparatus comprising:
>
>> a flexible base layer including a first surface and an opposing second surface, the first surface having an adhesive disposed thereon to enable the first surface to be selectively attachable to the nose of the wearer;

a metallic element coupled to the second surface of the base layer and being configured to interact with the magnet when the magnet is positioned adjacent the nose of the wearer and the flexible base layer is attached to the nose of the wearer, the interaction between the metallic element and the magnet imparting a dilating force on the nose of the wearer causing the nose of the wearer to dilate; and

an outer layer coupled to the base layer and extending over the metallic element to at least partially cover the metallic element;

at least a portion of the flexible base layer extending radially outward beyond the metallic element to define a flexible peripheral portion;

the metallic element being configured to allow for movement of the magnet relative to the metallic element when the magnet is magnetically engaged with the metallic element;

the disposable apparatus, while being attached to the nose of the wearer, being selectively transitional between an active state and an inactive state, in the active state, the metallic element magnetically interacts with the magnet to impart the dilating force on the nose of the wearer, in the inactive state, the metallic element is magnetically decoupled from the magnet to cease imparting of the dilating force on the nose of the wearer.

28. 9878866 Canada does not infringe claim 1 of the '969 patent or any claim that depends therefrom at least because the product that Intake Breathing accused of infringing the '969 patent, the Accused Product identified by Amazon's ASIN B0DHLWJLND, does not meet the limitations of claim 1 literally or under the doctrine of equivalents.

29. For example, without limitation, 9878866 Canada's Accused Product does not have "a magnet positioned adjacent to the nose of the wearer," "an outer layer coupled to the base layer and extending over the metallic element to at least partially cover the metallic element," or "the metallic element magnetically interacts with the magnet to impart the dilating force on the nose of the wearer" as required by claim 1.

- 10 -

At least for these reasons, 9878866 Canada does not infringe claim 1 of the '969 patent or any claim that depends on claim 1. The allegations in this paragraph are exemplary and do not preclude 9878866 Canada from contending that claim 1 and the claims depending from it are not infringed for additional reasons.

    30. Claim 19 of the '969 patent recites:

> 19. A disposable apparatus attachable to a nose of a wearer and configured for use with a metallic element positioned adjacent to the nose of the wearer, the disposable apparatus comprising:
>
>     a flexible base layer including a first surface and an opposing second surface, the first surface having an adhesive disposed thereon to enable the first surface to be selectively attachable to the nose of the wearer;
>
>     a magnetic element coupled to the second surface of the base layer and being configured to interact with the metallic element when the metallic element is positioned adjacent the nose of the wearer and the flexible base layer is attached to the nose of the wearer, the interaction between the magnetic element and the metallic element imparting a dilating force on the nose of the wearer causing the nose of the wearer to dilate; and
>
>     an outer layer coupled to the base layer and extending over the magnetic element to at least partially cover the magnetic element;
>
>     at least a portion of the flexible base layer extending radially outward beyond the metallic element to define a flexible apparatus peripheral portion;
>
>     the magnetic element being configured to allow for movement of the metallic element relative to the magnetic element when the metallic element is magnetically engaged with the magnetic element;
>
>     the disposable apparatus, while being attached to the nose of the wearer, being selectively transitional between an active state and an inactive state, in the active state, the magnetic element magnetically interacts with the metallic element to impart the dilating force on the nose of the wearer, in the inactive state, the magnetic element is magnetically decoupled from the metallic element to cease imparting of the dilating force on the nose of the wearer.

31. 9878866 Canada does not infringe claim 19 of the '969 patent or any claim that depends therefrom at least because the product that Intake Breathing accused of infringing the '969 patent, the Accused Product identified by Amazon's ASIN B0DHLWJLND, does not meet the limitations of claim 19 literally or under the doctrine of equivalents.

32. For example, without limitation, 9878866 Canada's Accused Product does not have "a metallic element positioned adjacent to the nose of the wearer," "an outer layer coupled to the base layer and extending over the magnetic element to at least partially cover the magnetic element," or "the magnetic element magnetically interacts with the metallic element to impart the dilating force on the nose of the wearer" as required by claim 19. At least for these reasons, 9878866 Canada does not infringe claim 19 of the '969 patent or any claim that depends on claim 19. The allegations in this paragraph are exemplary and do not preclude 9878866 Canada from contending that claim 19 and the claims depending from it are not infringed for additional reasons.

33. Claim 26 of the '969 patent recites:

> 26. An externally applied nose dilating system for use on a nose of a wearer, the nose dilating system comprising:
>
> a magnet positionable adjacent the nose of the wearer;
>
> a flexible attachment layer configured to be selectively attachable to the nose of the wearer, the flexible attachment layer having a middle portion and a peripheral portion surrounding the middle portion;
>
> a rigid metallic element coupled to the middle portion of the flexible attachment layer, the rigid metallic element being configured to interact with the magnet when the magnet is positioned adjacent the nose of the wearer and the flexible attachment layer is attached to the nose of the wearer, the interaction between the metallic element and the magnet imparting a dilating force on the nose of the wearer

>from the middle portion of the flexible attachment layer causing the nose of the wearer to dilate; and
>
>an outer layer coupled to the flexible attachment layer and extending over the metallic element to at least partially cover the metallic element;
>
>the metallic element being configured to allow for movement of the magnet relative to the metallic element when the magnet is magnetically engaged with the metallic element;
>
>the flexible attachment layer and rigid metallic element collectively being configured such that while the flexible attachment layer is attached to the nose of the wearer, the system is selectively transitional between an active state and an inactive state, in the active state, the metallic element magnetically interacts with the magnet to impart the dilating force on the nose of the wearer, in the inactive state, the metallic element is magnetically decoupled from the magnet to cease imparting of the dilating force on the nose of the wearer.

34. 9878866 Canada does not infringe claim 26 of the '969 patent or any claim that depends therefrom at least because the product that Intake Breathing accused of infringing the '969 patent, the Accused Product identified by Amazon's ASIN B0DHLWJLND, does not meet the limitations of claim 26 literally or under the doctrine of equivalents.

35. For example, without limitation, 9878866 Canada's Accused Product does not have "a magnet positionable adjacent the nose of the wearer," "an outer layer coupled to the flexible attachment layer and extending over the metallic element to at least partially cover the metallic element," or "in the active state, the metallic element magnetically interacts with the magnet to impart the dilating force on the nose of the wearer" as required by claim 26. At least for these reasons, 9878866 Canada does not infringe claim 26 of the '969 patent or any claim that depends on claim 26. The

allegations in this paragraph are exemplary and do not preclude 9878866 Canada from contending that claim 26 and the claims depending from it are not infringed for additional reasons.

36. For at least the foregoing reasons, 9878866 Canada does not and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '969 patent.

37. There is an actual, substantial, continuing, and justiciable controversy between 9878866 Canada and Intake Breathing regarding whether 9878866 Canada infringes, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '969 patent.

38. Accordingly, 9878866 Canada is entitled to a declaratory judgment that 9878866 Canada does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '969 patent.

## RESERVATION OF RIGHTS

39. 9878866 Canada hereby reserves the right to supplement with additional claims or defenses as discovery proceeds in this matter.

## JURY DEMAND

40. 9878866 Canada hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## REQUESTS FOR RELIEF

WHEREFORE, 9878866 Canada requests that judgment be entered in its favor and against Intake Breathing as follows:

a)     for judgment that 9878866 Canada and 9878866 Canada's products do not infringe and have not infringed, directly or indirectly, literally or under the doctrine of equivalents, the '969 patent;

b)     for a finding that this case is exceptional under 35 U.S.C. § 285;

c)     for 9878866 Canada's costs and reasonable attorneys' fees incurred in connection with this action, to be paid by Intake Breathing;

d)     an award of any and all equitable relief to which 9878866 Canada may be entitled; and

e)     such other and further relief to which 9878866 Canada may show itself to be entitled and/or as the Court may deem just, proper and equitable.

Dated: July 28, 2025           Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
Email: watkins@wlapllc.com
WATKINS LAW & ADVOCACY, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone: (202) 355-9421
Facsimile: (202) 355-9424

*Counsel for Plaintiff 9878866 Canada Inc.*